UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| LUCAS UBAH and LARRY TAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>SUN COAST RESOURCES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 7:16-CV-00122<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND**

**SUMMARY**

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiffs Lucas Ubah and Larry Taylor, and the employees they seek to represent ("Class Members"), are current and former hourly paid fuel techs and drivers employed by Defendant Sun Coast Resources, Inc. ("Defendant" or "Sun Coast") during any work week three years prior to the time notice is issued to the present.

3. This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiffs and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Defendant violated the FLSA in the following manners:

   a. Defendant paid Plaintiffs and Class Members at a reduced and incorrect overtime rate. That is, Defendant failed to take into account all remunerations when calculating the regular hourly and overtime rates.

5. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs also pray that the class of similarly situated hourly-paid fuel techs and drivers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## PARTIES & PERSONAL JURISDICTION

10. Plaintiff Lucas Ubah (Onyeka "Lucas" Ubah) is an individual who resides in Ector County, Texas. His written consent form to this action is attached hereto as Exhibit "1."

11. Plaintiff Larry Taylor is an individual who resides in Oklahoma County, Oklahoma. His written consent form to this action is attached hereto as Exhibit "2."

12. The Class Members are all hourly-paid fuel techs and drivers employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

13. Defendant Sun Coast Resources, Inc. is a domestic for-profit corporation, which does business in Texas. Defendant may be served process through its registered agent as follows: Kathy E. Lehne, 6405 Cavalcade Street Building 1, Houston, Texas 77026.

## FLSA COVERAGE

14. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

17. Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

18. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

3

19. Fuel Techs and Drivers, like the Plaintiffs and Class Members, are non-exempt employees under the FLSA.

## SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS

20. Sun Coast is one of the fastest-growing fuel and lubricant marketers in the U.S., is licensed in 39 states, and operates out of 17 offices and bulk plant facilities in Texas, Oklahoma and Louisiana. Sun Coast provides high quality fuels, lubricants, chemicals and related programs and services to thousands of businesses and countless agencies throughout America.

21. Plaintiffs were employed by Defendant as a fuel tech and driver.

22. Plaintiff Lucas Ubah was employed by Defendant as a fuel tech from on or about August 2015 through May 2016. Plaintiff Lucas Ubah worked for Defendant in numerous locations including but not limited to: New Mexico, Oklahoma, and in Pecos, Fort Stockton, and Midland-Odessa Texas locations.

23. Plaintiff Larry Taylor was employed by Defendant as a driver from on or about March 2015 through December 2015. Plaintiff Larry Taylor worked for Defendant in numerous locations including but not limited to: New Mexico, Oklahoma, and Midland-Odessa Texas.

24. Plaintiffs' primary duty consist of fueling equipment for Defendant's customers at a frac site. Defendant required its fuel techs and drivers to connect fuel hoses to equipment on a frac site to provide the necessary fuel.

25. At the beginning of a project, Defendant's fuel equipment is driven from a yard to a frac site by Plaintiffs.

26. At the conclusion of a project, Defendant's fuel equipment is returned from the frac site to a yard by Plaintiffs.

27. The majority and a meaningful portion of time fuel techs and drivers spend driving, involves small company owned vehicles that weigh less than 10,000 pounds. Defendant required that Plaintiffs drive to and from the frac site daily using its small company owned vehicles.

28. Defendant pays its fuel techs and drivers an hourly rate.

29. In addition to hourly pay, Plaintiffs received non-discretionary "per diem" payments.

30. These payments were excluded from Plaintiffs' regular rate and overtime rate in violation of the FLSA.

31. The "per diem" was intended to cover meal expenses, hotel expenses, and travel expenses. The alleged reimbursement was paid to Plaintiffs even though they were not responsible for paying the company vehicle's gasoline (Sun Coast provided Plaintiffs with a "gas card"), the company vehicle's maintenance or repairs, or for other expenses related to use of the company vehicle. Plaintiffs were not responsible for paying hotel expenses and meals were usually paid for by the Company or included as part of their hotel stay. Consequently, the "per diem" payments should have been included in the calculation of the regular and overtime rates.

32. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek. *See* 29 C.F.R. § 778.217. In other words, the stipend must be an approximation or the actual

5

expense incurred by an employee for travel time. Because hotel stay, meals, and travel was performed using the Company's vehicles (meaning an expense incurred by the company and not the employee) and the "per diem" is not an approximation of expenses incurred, rather it is a fixed amount not related to actual expenses incurred, monies paid as a "per diem" must be included in the calculation of the regular rate and overtime pay.

33. Section 7(e) of the FLSA requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection. 29 C.F.R. § 778.108. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109. Meaning, all pay associated with fuel tech and driver work as described in this complaint, for example, cannot be treated separately and must be grouped as one for purposes of calculating the regular and overtime rates.  Defendant failed to do so as it lists the per diem payments separately on paystubs and calculates the overtime rate solely on what it tracks as "Regular Hours" worked. Consequently, Defendant has violated the FLSA.

34. No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Plaintiffs and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

35. As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

36. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

37. Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as fuel techs and drivers within three (3) years from the commencement of this action to the present.

38. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiffs since their claims are similar to the claims possessed by Class Members.

39. Plaintiffs have actual knowledge that Class Members working for Defendant throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

40. Plaintiffs are similarly situated to the Class Members.  Class Members perform or have performed the same or similar work as the Plaintiffs.

41. Like Plaintiffs, the Class Members were (a) hourly paid and (b) were paid overtime at the incorrect federally mandated premium rate because "per diems" were not included in the calculation of their overtime rates.

42. The names and addresses of the Class Members of the collective action are discoverable from the Defendant.  To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

43. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

44. The claims of the Plaintiffs and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

45. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former hourly paid fuel techs and drivers employed by Sun Coast during the three-year period before the filing of this complaint up to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

46. Plaintiffs incorporate the preceding paragraphs by reference.

47. Defendant violated the FLSA by failing to pay Plaintiffs and Class Members overtime based on the statutory formula provided in the FLSA.

48. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

49. The Defendant violated and continues to violate the FLSA when it failed to pay Plaintiffs and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

50. No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to its employees when such overtime is earned.

51. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendants are liable for liquidated damages.

## DAMAGES SOUGHT

52. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

53. Plaintiffs and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

54. Plaintiffs and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

55. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

       Respectfully submitted,

       SHELLIST | LAZARZ | SLOBIN LLP


By: */s/ Robert R. Debes, Jr.*
  ROBERT R. DEBES, JR.
  Texas Bar No. 05626150
  bdebes@eeoc.net
  RICARDO J. PRIETO
  Texas Bar No. 24062947
  rprieto@eeoc.net
  11 Greenway Plaza, Suite 1515
  Houston, Texas 77046
  Telephone: (713) 621-2277
  Facsimile: (713) 621-0993

  ATTORNEYS FOR PLAINTIFFS
  & CLASS MEMBERS